UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 23-cv-05298-RFL (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 2 |

    This action was filed as a habeas petition under 28 U.S.C. § 2254 for relief from state convictions. A review of the petition, however, shows that petitioner Calderon wishes to sue state and federal actors for the allegedly biased and corrupt manner in which they handled his prior habeas petitions, rather than directly challenging the legality of his underlying state convictions. (Pet., Dkt. No. 1 at 5.) This means that his claims are not the proper subject of a habeas action, but must be brought as a civil rights action under 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-892 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

    In an appropriate case, a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although a district court may construe a habeas petition as a civil rights action, it is not required to do so. Since

the time when the *Wilwording* case was decided, there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $405 ($350 if pauper status is granted) and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $405 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Accordingly, under the current law, there may be reasons why a petitioner would prefer not to have his habeas petition construed as a section 1983 action.

In view of these potential pitfalls for petitioner Calderon if his petition were construed as a civil rights complaint, the case is DISMISSED without prejudice to petitioner filing a civil rights action if he wishes to do so.

Petitioner's motion to proceed in forma pauperis is GRANTED. (Dkt. No. 2.)

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

**Dated:** December 19, 2023

_____
RITA F. LIN
United States District Judge